# Illinois Official Reports

## Appellate Court

---

### *People v. Webb*, 2018 IL App (3d) 160403

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEREK K. WEBB, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0403 |
| Filed<br>Rehearing denied | May 23, 2018<br>June 12, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 13-CF-2703; the Hon. Carmen Julia Goodman, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.<br>Justices Holdridge and O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Derek K. Webb, appeals from his armed habitual criminal conviction. Defendant argues the State failed to prove his guilt beyond a reasonable doubt because it failed to present evidence to the jury that he had been convicted of two prior forcible felonies. We affirm.

¶ 2                                    FACTS

¶ 3     In January 2014, the State charged defendant with being an armed habitual criminal (720 ILCS 5/24-1.7(a)(1) (West 2012)) and unlawful use of a weapon by a felon (*id.* § 24-1.1(a)). Relevant to this appeal, the armed habitual criminal charge alleged:

> "[D]efendant knowingly possessed a firearm, to wit: a handgun, after having been convicted of the forcible felony offenses of Aggravated Battery in Will County under docket number 2006 CF 2596, in violation of Section 12-4 of Act 5 of Chapter 720 of the Illinois Complied Statutes, and Aggravated Battery in Will County under docket number 2004 CF 707, in violation of Section 12-4 of Act 5, of Chapter 720 of the Illinois Complied Statutes."

¶ 4     Before the jury trial commenced, the parties discussed with the court how to prove the element of defendant's prior felony convictions. During the conversation, the State handed the bills of indictment from Will County case Nos. 04-CF-707 and 06-CF-2596 to the court. The State asked the court

> "to take judicial notice of the fact that [defendant] was charged with aggravated battery causing great bodily harm, which we will be introducing through the convictions. And the reason why I bring that up is because the convictions just simply say aggravated battery, Count 1; however, based on the court file itself, you can see that it's an aggravated battery causing great bodily harm.
>
> THE COURT: Okay. Which makes it a forcible felony.
>
> [STATE]: Which makes it a forcible felony.
>
> THE COURT: Exactly.
>
> Any response to that?
>
> [DEFENSE COUNSEL]: No, [Y]our Honor. He did show me this morning.
>
> THE COURT: But you intend—because you did give me a copy of this, you intend to introduce the certified, you're not going to introduce—
>
> [STATE]: Judge, I was just asking that the Court take judicial notice since it's a question of law.
>
> THE COURT: Instead of fact.
>
> [STATE]: And I can show the Court what I intend to introduce, which are the certified copies of the conviction. It's just that they don't list specifically, probably because of the jury requirement that it not be told that it is a forcible felony.
>
> With that, also, [Y]our Honor, I didn't know how [Y]our Honor wishes to have us present that. I would be prepared to—it's a self-authenticating certified document. I would be prepared to read into the record only the pertinent parts to this, which would be—that [defendant], under case number 2004 CF 707, out of the 12th Judicial Circuit

in Will County, was convicted on August 19th of 2004 of Count 1, being aggravated battery, and then also, he also was convicted of other counts, but I don't believe that would be appropriate, since the forcible felony is the count for aggravated battery causing great bodily harm. And the same thing for 2006 CF 2596, which was Count 1, was an aggravated battery causing great bodily harm.

THE COURT: But if you—if you introduce this certified statement of conviction, the only—well defense?

[DEFENSE COUNSEL]: Yes, [Y]our honor.

THE COURT: Any response?

[DEFENSE COUNSEL]: No, we are fine with it."

¶ 5 The court expressed reservation about the State's use of certified copies of convictions to prove the predicate offense element, noting that each case included the relevant aggravated battery along with several other irrelevant convictions. In response, the State suggested that it would be willing to stipulate to defendant's prior convictions, provided the defense would assent to the stipulation. Defense counsel responded that defendant would be willing to stipulate to his prior convictions. The court suggested that the parties could consider whether to stipulate to defendant's prior convictions or introduce redacted certified copies of conviction during a recess in the proceeding. Defense counsel responded, "Your Honor, we will be fine just to stipulate." The court asked the parties to prepare the stipulation, and the cause proceeded to a jury trial.

¶ 6 The State's evidence established that, on December 18, 2013, multiple Joliet police officers executed a search warrant on a residence located at 526 Ontario Street. The officers were instructed that Ivan Landry was the "target" of the warrant and they were searching for a firearm. Officers found two individuals at the residence, defendant and Tamara Wright. Officers also found a loaded revolver in a drawer inside a coffee table, a camera case containing 14 rounds of .38-caliber ammunition, shotgun shells and small-caliber ammunition inside a piece of luggage, and mail addressed to defendant and Wright.

¶ 7 At the police station, defendant told Officer James Kilgore to "put everything on me, the gun, the weed, everything was mine in the house. Don't put it on my girl." Defendant then waived his right to remain silent and made an audio- and video-recorded statement in which he admitted to possessing the firearm. The State played the recording for the jury.

¶ 8 Toward the conclusion of the State's case-in-chief, the court inquired as to the status of the parties' stipulation, and the following exchange occurred.

"[DEFENSE COUNSEL]: Well, we have an objection to the stipulation in paragraphs one and two.

THE COURT: I haven't seen the stipulation. Can I see a copy of the stipulation?

[DEFENSE COUNSEL]: You can see my issue is marked there, [Y]our Honor. The ending of each of the paragraphs, there is the added wording that I am objecting to. We don't—I don't believe it needs to be there.

THE COURT: Okay. We have already met with this, and that was the objection to cause great bodily harm. We have—this is an offense of aggravated battery. We had to make a determination that it was a forcible felony.

Now, any response from the State from the objection from the stipulation?

[STATE]: Judge, we discussed this yesterday, with regards to asking the Court to take judicial notice of the indictment, which shows causes great bodily harm. I have no objection to taking that out of the stipulation, so long as there is not going to be some kind of argument made that we haven't proved that there was a forcible felony as an element.

THE COURT: Well, I don't know—I can't say what they are going to do. I can't say what they are going to do, depending on whether—that's a matter of law, not a matter of fact that the—the jury has to determine.

[STATE]: That being said, Judge, I believe that since the Court has already made—I believe the Court has made that finding of law, is that correct?

THE COURT: That's correct. I think we talked about that to determine—by saying this was a forcible felony the way it was worded, it was a forcible felony or charge. One of the things, even though the parties are making the stipulation, the date of the conviction—well, I think we already read that this was—wait a minute. Does this say felony here? It said forcible felony offense.

Okay. So, we said—well, with that, great bodily harm taken out, because that was not an element. It is the—the State has to prove either—which way, by certified copy or stipulation. So, you don't have a—the State doesn't have any objection to taking out that wording for the stipulation, because it wasn't something that was ever read to the—and it might be a little prejudicial.

[DEFENSE COUNSEL]: Yes, [Y]our Honor.

THE COURT: Not a little. It would be prejudicial. Aggravated battery means a lot to a lot of people. We have already made that determination. So, cause great bodily harm will be redacted out. And then you can read that and everybody sign it.

[DEFENSE COUNSEL]: Thank you, [Y]our Honor."

¶ 9 When the jury was called back into the courtroom, the State read the following stipulation: "The People of the State of Illinois, *** and the defendant, Derek K. Webb, by his attorneys, hereby stipulate that there is an agreement between the prosecution and the defense that certain facts exist, and these facts are not in dispute and are to be accepted by this court as true.

Number 1, that the defendant was convicted in the Circuit Court of the 12th Judicial Circuit under Will County case number 2004 CF 707 on August 19th, 2004, of the felony offense of aggravated battery.

Number 2, that the defendant was convicted in the Circuit Court of the 12th Judicial Circuit under Will County case number 2006 CF 2596 on June 27th, 2007, for the felony offense of aggravated battery."

Following the entry of the stipulation, the State rested its case.

¶ 10 Defendant elected to testify in his own defense. Defendant denied ownership of the firearm, saying that it belonged to Wright. Defendant also denied knowledge or possession of the ammunition found in the camera case. Defendant said that he had told the police that the firearm was his, but only to prevent Wright from being arrested and preclude the Department of Children and Family Services from taking custody of defendant and Wright's children. Defendant said, prior to his police interview, that the officers threatened to charge Wright with possession of the firearm. The defense rested at the conclusion of defendant's testimony.

- 4 -

¶ 11    The court instructed the jury, in relevant part, that "[a] person commits the offense of being an armed habitual criminal if he possesses any firearm after having been convicted of the offenses of Aggravated Battery." The court also instructed

"To sustain the charge of armed habitual criminal the State must prove the following propositions:

First Proposition: That the defendant knowingly possessed a firearm, and

Second Proposition: That the defendant has been convicted of the offenses of Aggravated Battery under Will County Circuit Court case numbers 2004 CF 707 and 2006 CF 2596."

¶ 12    The jury found defendant guilty of both of the charged offenses. After conducting a sentencing hearing, the court sentenced defendant to two concurrent sentences of six years' imprisonment. Defendant appeals.

¶ 13                                    ANALYSIS

¶ 14    Defendant argues that the State failed to prove his guilt of armed habitual criminal beyond a reasonable doubt where the State presented no evidence to the jury that defendant had two prior forcible felony convictions. We find that the court made a legal finding that defendant's two prior aggravated battery convictions were forcible felonies, the State then presented the redacted stipulation to the jury, and the jury concluded in finding defendant guilty of being an armed habitual criminal that defendant had two qualifying predicate felony convictions.

¶ 15    In a challenge to the sufficiency of the evidence, we determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *People v. Baskerville*, 2012 IL 111056, ¶ 31. Under this standard, we draw all reasonable inferences from the evidence in favor of the State. *Id.* It is not our purpose to retry defendant, and therefore, we allow great deference to the trier of fact. *People v. Milka*, 211 Ill. 2d 150, 178 (2004).

¶ 16    As charged in this case, the offense of being an armed habitual criminal contained the following elements: (1) defendant possessed a firearm (2) after having been convicted of a total of two or more forcible felonies. 720 ILCS 5/24-1.7(a)(1) (West 2012). Section 2-8 of the Criminal Code of 2012 defines "forcible felony" to include "aggravated battery resulting in great bodily harm or permanent disability or disfigurement and any other felony which involves the use or threat of physical force or violence against any individual." *Id.* § 2-8.

¶ 17    Defendant argues the State failed to prove the second element of armed habitual criminal—that he had two prior "forcible felony" convictions. The record conclusively establishes that defendant had two prior convictions for aggravated battery. Whether these convictions constituted "forcible felonies" is a question of law for the circuit court to decide. Illinois Pattern Jury Instructions, Criminal, No. 4.05 (4th ed. 2000), Committee Note (hereinafter IPI Criminal 4th No. 4.05) (stating that it is no longer necessary to instruct on the definition of "forcible felony" because a jury would never be called upon to make such a determination). To resolve this question of law, the court reviewed the bills of indictment in case Nos. 04-CF-707 and 06-CF-2596 provided by the State. From these documents, the court found defendant's two prior aggravated battery convictions were forcible felonies. The record indicates that the court's finding was derived from the fact that both of defendant's prior aggravated batteries resulted in great bodily harm. This fact is confirmed by the State's initial

stipulation that stated defendant had two prior offenses of aggravated battery causing great bodily harm. *Supra* ¶ 8. However, due to defendant's objection, the parties removed the great bodily harm language from the stipulation to limit undue prejudice to defendant. Thus, the record conclusively established that the court found defendant's aggravated batteries to be forcible felonies. Defendant does not directly dispute the court's finding of law.

¶ 18    Instead, defendant contends that the jury received no evidence that defendant had two prior forcible felony convictions. The record defeats defendant's claim. Following the court's finding of law, the State drafted a stipulation, providing that defendant had been convicted of two prior aggravated batteries—the offenses that the court found to be forcible felonies. The court instructed the jury that to find defendant guilty of being an armed habitual criminal, the evidence must show that defendant had two prior "aggravated battery" convictions. *Supra* ¶ 11. This instruction replaced "forcible felony" with "aggravated battery" and was consistent with the committee recommendation in IPI Criminal 4th No. 4.05. This phrasing caused no error as the court had previously made the legal finding that the prior aggravated batteries were forcible felonies. Moreover, the instruction limited undue prejudice to defendant, as the jury was not informed that his prior convictions had caused great bodily harm or were forcible. Specifically, we note that the circuit court correctly explained that the forcible felony finding is "a matter of law, not a matter of fact that the *** jury has to determine." The circuit court also correctly noted that retaining the "forcible felony" verbiage within the stipulation "would be prejudicial" as "[a]ggravated battery means a lot to a lot of people."

¶ 19    Accordingly, the jury in the instant case was left to resolve the factual question of whether defendant had two prior aggravated battery convictions. The parties' stipulation readily proved this element of armed habitual criminal beyond a reasonable doubt.

¶ 20                                    CONCLUSION
¶ 21    The judgment of the circuit court of Will County is affirmed.

¶ 22    Affirmed.